# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:10CR00026-003 |
| v. | ) **OPINION AND ORDER** |
| ANGELA ALLISON DUTY SMITH, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Joseph W. Rasnic, Jonesville, Virginia, for Defendant.*

The defendant, Angela Allison Duty Smith, has moved for a stay of execution of her sentence of imprisonment, imposed March 23, 2012, because of her pending appeal. Pursuant to Federal Rule of Appellate Procedure 9(a)(1), this Opinion sets forth the court's reasons for denying the motion.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal. Fed. R. Crim. P. 38(b)(1). The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in accord with the applicable provisions of the Bail Reform Act. Fed. R. App. P. 9(c). That Act provides, in pertinent part, that a defendant who has filed an appeal must be detained unless the court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

    (i) reversal,

    (ii) an order for a new trial,

    (iii) a sentence that does not include a term of imprisonment, or

    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b)(1) (West 2000).

While I am able to make the requisite finding contained in subsection (A) of § 3141(b)(1) above, I cannot find that the appeal raises a substantial question of law or fact, as required in subsection (B). In this context, a "substantial question" is "'a "close" question or one that very well could be decided the other way.'" *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).[1] Whether a question is substantial is decided on a case-by-case basis. *Id.*

---

[1] *But see* Doug Keller, *Resolving a "Substantial Question": Just Who is Entitled to Bail Pending Appeal Under the Bail Reform Act of 1984?,* 60 Fla. L. Rev. 825, 827-28 (2008) (arguing that Congress intended the more favorable "fairly debatable" standard, as adopted by the Ninth Circuit).

The defendant was charged with participating in a conspiracy to commit wire fraud, as well as numerous substantive counts of wire fraud, money laundering, and commodities fraud, all in connection with a Ponzi scheme masterminded by her husband, Ronald Wade Smith, Jr. Ronald Smith pleaded guilty to the charges and was sentenced to 135 months imprisonment. Angela Smith and a coconspirator, Terrance Keith Cunningham, pleaded not guilty and were convicted by the jury after a nine-day trial. Cunningham was sentenced to 84 months imprisonment and Angela Smith to 36 months imprisonment.[2] All of the defendants have noted appeals.

Angela Smith testified at trial and denied any knowledge of the Ponzi scheme, professing that she had believed that her husband, who ran it out of their home, was simply very successful in investing in foreign currency, although he had no prior experience in that business. In fact, as all defendants now agree, the investment business was a sham and as with any Ponzi scheme, investors' money was simply stolen and portions paid back to earlier investors in order to further dupe them.

---

[2] Angela Smith's imprisonment range under the advisory Sentencing Guidelines was 97 to 121 months. That range was determined primarily by the amount of money stolen from investors in the Ponzi scheme. However, she received a below-guideline sentence based upon her relative level of culpability, absence of prior criminal conduct, and family responsibilities.

Case 1:10-cr-00026-JPJ-PMS   Document 371   Filed 04/19/12   Page 3 of 6   Pageid#: 5739

The defendant indicates in her motion for bond that the primary question on her appeal will be the sufficiency of the government's evidence. Thus, the issue will be whether the determination of her guilt by the jury was supported by substantial evidence. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks and citation omitted), *cert. denied,* 132 S. Ct. 469 (2011). Because the credibility of witnesses is properly assessed by the jury rather than by the court, the court of appeals will assume that the jury resolved all testimonial contradictions in the government's favor. *United States v. Penniegraft*, 641 F.3d 566, 572 (4th Cir.), *cert. denied,* 132 S. Ct. 564 (2011). Thus, "[a] defendant bringing a sufficiency challenge bears a heavy burden," and '[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 131 S. Ct. 428 (2010).

A conspiracy may be proved "inferentially and by circumstantial evidence." *Hickman*, 626 F.3d at 763 (internal quotation marks and citation omitted). Because criminal conspiracies are "clandestine and covert," there is "frequently . . . little direct evidence of such an agreement." *United States v. Burgos*, 94 F.3d 849, 857

The defendant indicates in her motion for bond that the primary question on her appeal will be the sufficiency of the government's evidence. Thus, the issue will be whether the determination of her guilt by the jury was supported by substantial evidence. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks and citation omitted), *cert. denied,* 132 S. Ct. 469 (2011). Because the credibility of witnesses is properly assessed by the jury rather than by the court, the court of appeals will assume that the jury resolved all testimonial contradictions in the government's favor. *United States v. Penniegraft*, 641 F.3d 566, 572 (4th Cir.), *cert. denied,* 132 S. Ct. 564 (2011). Thus, "[a] defendant bringing a sufficiency challenge bears a heavy burden," and '[r]eversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir.) (internal quotation marks and citations omitted), *cert. denied*, 131 S. Ct. 428 (2010).

A conspiracy may be proved "inferentially and by circumstantial evidence." *Hickman*, 626 F.3d at 763 (internal quotation marks and citation omitted). Because criminal conspiracies are "clandestine and covert," there is "frequently . . . little direct evidence of such an agreement." *United States v. Burgos*, 94 F.3d 849, 857

(4th Cir. 1996) (en banc). Agreement to the conspiracy may be shown by a concert of action and knowledge may be inferred from the surrounding circumstances. *United States v. Lechuqa*, 888 F.2d 1472, 1476-77 (5th Cir. 1989).

While Angela Smith denied participation in the conspiracy, there was certainly contrary evidence, particularly including testimony from some of the victims that she promoted the scheme to them and helped persuade them to invest. The fact that she knew of the sudden wealth produced by the investment fraud and used some of it for her own benefit, along with her close proximity to the scheme's operation, including signing checks sent to purported investors, was also circumstantial evidence that the jury could consider in determining her guilt.[3]

For all of these reasons, I do not find that there is a substantial question on appeal that would allow me to stay the defendant's sentence. Accordingly, it is **ORDERED** that the Motion to Remain on Bond Pending Appeal (ECF No. 360) is DENIED.[4]

---

[3] Angela Smith's credibility before the jury was likely damaged by evidence that at the same time as she was spending large amounts of money on her home and personal beauty treatments, she enrolled her children in Medicaid, professing that the family had no income.

[4] By separate order, I will defer the defendant's prison reporting date for a limited period of time, so that she may be available as a possible witness in a forfeiture proceeding ancillary to her case.

ENTER: April 19, 2012

/s/ James P. Jones
United States District Judge